STATE OF MAINE
KENNEBEC, ss.



SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-00-80

Ø Lexis, WL

BATH IRON WORKS,               )
                                )
        Petitioner              )
                                )
        v.                      )          FINAL JUDGMENT
                                )
STATE TAX ASSESSOR,             )
                                )
        Respondent              )

This case comes before this Court on Petition of Bath Iron Works Corporation ("BIW") for review of a reconsideration decision of the State Tax Assessor ("Assessor") dated October 31, 2000, with respect to BIW's request for refund of tax paid on certain purchases of tangible personal property (the "Overhead Materials") during the period January 1, 1997 through December 31, 1997.

The facts and legal conclusions are as follows:

1.    In accordance with its cost accounting system, BIW allocates "indirect cost items" (i.e., costs associated with the performance of work under multiple contracts) among all contracts as overhead. The indirect cost items, to the extent they constitute tangible personal property, are referred to herein as "Overhead Materials."

2.    Much of the Overhead Materials that are purchased by BIW are resold to the federal government as a result of contracts between BIW and the federal government, which contain clauses (such as those set forth in Federal Acquisition Regulations 52.245-5, 52.232-16 and NAVSEA 5252.245-9124 and other similar clauses) providing for the passage of title to the Overhead Materials to the federal government prior to BIW's use of such materials.

3.    The Overhead Materials include such items as (i) repair parts for: tools, test equipment, telecommunications equipment, transportation equipment, and machinery; (ii) manufacturing supplies; (iii) engineering supplies; (iv) office supplies; (v) perishable tools such as pliers, wrenches, clamps and screwdrivers; (vi) non-capital office equipment; (vii) product models; (viii) books including technical publications and trade periodicals; and (ix) other non-capital supply items.

4.    Because the Overhead Materials that are allocated to contracts with the federal government are resold to the federal government, BIW's purchases of such Overhead Materials are not at "retail sale," as defined n 36 M.R.S.A. § 1752(11), and as a result are excluded from Maine sales and use tax.

5.    Petitioner and Respondent have stipulated and agreed to the dismissal of Count II of the Petition for Review.

**THEREFORE**, it is

**ORDERED, ADJUDGED AND DECREED** that:

1.    With respect to Count I of the Petition, Respondent shall refund to Petitioner use tax paid with respect to the Overhead Materials in the amount of $200,000, with interest at the statutory rate from the date of the refund claim through and including the date that the amount is paid to Petitioner.

2.    Count II of the Petition for Review is dismissed without prejudice.

The Clerk is directed to enter this Final Judgment and may incorporate it by reference in the civil docket.

Dated: _12-11-01_

_____
JUSTICE, SUPERIOR COURT

## SETTLEMENT AGREEMENT

A.    WHEREAS, Bath Iron Works Corporation ("BIW") filed an appeal in Kennebec County Superior Court, Docket No. AP-00-80 (the "Appeal") of a reconsideration decision of the State Tax Assessor ("Assessor") dated October 31, 2000, denying, *inter alia*, BIW's request for refund of tax paid on Overhead Materials during the period January 1, 1997 through December 31, 1997; and

B.    WHEREAS, the parties desire to settle the Appeal including the treatment of Overhead Materials purchased after 1997.

NOW THEREFORE, in consideration of the mutual promises set forth below, BIW and the Assessor hereby agree as follows:

1.    In accordance with its cost accounting system, BIW allocates "indirect cost items" (i.e., costs associated with the performance of work under multiple contracts) among all contracts as overhead.  The indirect cost items, to the extent they constitute tangible personal property, are referred to herein as "Overhead Materials."  Much of the Overhead Materials that are purchased by BIW are resold to the federal government as a result of contracts between BIW and the federal government, which contain clauses (such as those set forth in Federal Acquisition Regulations 52.245-5, 52.232-16 and NAVSEA 5252.245-9124 and other similar clauses) providing for the passage of title to the Overhead Materials to the federal government prior to BIW's use of such materials.  Such Overhead Materials are referred to herein as the "Overhead Materials Allocable to Government Contracts."  The Overhead Materials include such items as (1) repair parts for: tools, test equipment, telecommunications equipment, transportation equipment, and machinery; (ii) manufacturing supplies; (iii) engineering supplies; (iv) office supplies; (v)

perishable tools such as pliers, wrenches, clamps and screwdrivers; (vi) non-capital office equipment; (vii) product models; (viii) books including technical publications and trade periodicals; and (ix) other non-capital supply items.

2.     Because the Overhead Materials Allocable to Government Contracts are resold to the federal government, BIW's purchases of Overhead Materials Allocable to Government Contracts are not at "retail sale," as defined in 36 M.R.S.A. § 1752(11), and as a result are excluded from Maine sales and use tax.  Accordingly, the Assessor agrees that, absent a change in State or federal statutes or applicable federal regulations, BIW's purchases of  Overhead Materials Allocable to Government Contracts are not subject to Maine sales and use tax for periods subsequent to 1997.

3.     As reduced by agreement of the parties during the course of the Appeal, BIW's claim for refund of use tax paid with respect to the Overhead Materials Allocable to Government Contracts for the period 1/1/97 through 12/31/97 was $239,267.

4.     BIW agrees to accept, and the Assessor agrees to refund, $200,000 of the use tax paid by BIW with respect to the Overhead Materials Allocable to Government Contracts for the period 1/1/97 through 12/31/97, plus interest at the statutory rate from May 6, 1999, the date the refund claim was filed, in satisfaction of the refund claim for that period.

5.     BIW has also submitted refund claims based upon its claimed overpayment of use tax on purchases of Overhead Materials Allocable to Government Contracts during the periods January 1, 1998 through December 31, 1998, and January 1, 1999 through December 31, 1999, which claims the Assessor hereby agrees to pay, subject, at his discretion, to verification that the items in question are Overhead Materials

Allocable to Government Contracts, with interest at the applicable statutory rate from the date the refund claims were filed.

6. BIW also claims to have overpaid use tax on the purchase of Overhead Materials Allocable to Government Contracts during the period January 1, 2000 through November 30, 2001. The Assessor hereby agrees to refund such use tax to BIW, subject, at his discretion, to verification that the items is question are Overhead Materials Allocable to Government Contracts, with interest at the applicable statutory rate from the date the refund claims are filed.

7. The Assessor hereby agrees to refund any use tax overpaid by BIW on purchases of Overhead Materials Allocable to Government Contracts during periods after November 30, 2001, absent a change in applicable statutes and providing that a timely request for refund is made.

8. The parties agree to meet within 60 days of the date of this Agreement for the purpose of resolving the method of determining the amount of nontaxable Overhead Materials purchases in all periods subsequent to December 31, 1997.

9. The parties will, by their counsel, stipulate to final judgment in the above-mentioned case as set forth in the attached Final Judgment.

10. The Settlement Agreement is intended by the parties as a final written expression of their agreement and sets forth their entire agreement.

11. This Settlement Agreement shall be binding upon the parties and their successors in interest.

On behalf of Bath Iron Works Corporation:

Dated: 11/29/01 _____

_SARAH H. BEARD

Attorney for Petitioner
Bath Iron Works Corporation

On behalf of the State Tax Assessor:

Dated: 11/30/01 _____

CROMBIE J.D. GARRETT
Assistant Attorney General

Attorney for Respondent
State Tax Assessor

STATE OF MAINE                           SUPERIOR COURT
KENNEBEC, ss.                             CIVIL ACTION
                                             DOCKET No. AP-00-80

| | |
|---|---|
| BATH IRON WORKS CORPORATION, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| STATE TAX ASSESSOR, ) | |
| ) | |
| Respondent. ) | |

The matter before the court is Petitioner's Motion for Summary Judgment on its Petition for Review.

The Court finds that there is no genuine issue as to any material fact and that Petitioner is entitled to judgment as a matter of law.

WHEREFORE, the Order and Entry shall be: (1) the motion for summary judgment of Petitioner Bath Iron Works Corporation ("BIW") is GRANTED: (2) Respondent State Tax Assessor is ORDERED to refund use tax in the amount of $239,267.21 paid for the period January 1, 1997 through December 31, 1997, on Petitioner's purchases of Overhead Materials, plus interest thereon at the statutory rate.

DATED:    11 - 7 - 0(

                                         Justice, Maine Superior Court